# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON BENSON,
No. 23591-045,

Petitioner,

v.                                                    No. 3:17-cv-00736-DRH

B. TRUE,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), he should not have been subject to the career-offender enhancement under the United States Sentencing Guidelines ("USSG") based on a prior controlled substance conviction and a prior conviction for assault in the 2nd degree. (Doc. 1, pp. 7-8).

    This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

## Background

Petitioner pled guilty on November 20, 2012, in the Western District of Missouri to distribution of 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 1, p. 1); *United States v. Benson*, Case No. 11-cr-201-GAF. That offense carried a minimum sentence of 5 years and a maximum of 40 years imprisonment. (Doc. 1, p. 7). In exchange for his guilty plea, 3 other counts were dismissed. The plea agreement provided that the government and Petitioner would request a sentence of 140 months. (Doc. 144 in criminal case). The parties agreed that under USSG § 2D1.1, Petitioner's base offense level was 26 for the conviction, and he would be entitled to a 3-level reduction pursuant to § 3E1.1(b). (Doc. 144, p. 6 crim.). The agreement also reflects the parties' expectation that Petitioner would be classified as a "career offender" under USSG § 4B1.1, however, there was no agreement on his criminal history category. *Id.* The plea deal provided that the court would determine the applicable criminal history category following review of the presentence investigation report. *Id.*

The plea agreement contained a waiver of Petitioner's appellate and post-conviction rights. (Doc. 144, p. 9, crim.). This included a waiver of "the right to appeal any sentence, directly or collaterally, on any ground except claims of (1)

ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An 'illegal sentence' includes a sentence imposed in excess of the agreed sentence herein" of 140 months imprisonment. *Id.*

At Petitioner's sentencing on April 30, 2013, the court determined that his criminal history category was VI, and found that he was a career criminal under the guidelines. (Doc. 199, pp. 7-9; Doc. 232, p. 2, crim.). His offense level was adjusted from 34 down to 31 for his acceptance of responsibility, yielding a guideline sentencing range of 188 to 235 months. (Doc. 199, p. 9; Doc. 232, p. 2, crim.). Despite this guideline range, the court accepted the plea agreement and sentenced Petitioner to the agreed-upon 140 months. *Id.*

Petitioner appealed, arguing that his plea was involuntary and his trial counsel was ineffective. (Doc. 215-1 crim.). On February 13, 2014, the Eighth Circuit concluded that the appeal waiver in the plea agreement should be enforced, and dismissed the appeal. *Id.*; *United States v. Benson*, 553 F. App'x 660 (8th Cir. 2014).

Petitioner then filed a collateral attack on the sentence under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel and prosecutorial misconduct. (*See* Doc. 232 crim.). He argued in part that trial counsel was ineffective for failing to challenge the presentence report's conclusion that he was a career offender. (Doc. 232, pp. 4-5, crim.). The court found that counsel had indeed challenged the career-offender finding, arguing that Petitioner's prior felonies were not crimes of violence and were not separate offenses. Further,

Petitioner suffered no prejudice from counsel's alleged ineffectiveness, because he was not sentenced according to the career-offender guideline range, but instead received the sentence he agreed to under the binding plea agreement. (Doc. 232, p. 5, crim.). The court also rejected Petitioner's claim of prosecutorial misconduct, which was based on an allegedly improper threat that he would face two life sentences if he did not plead guilty. The court found that his plea was knowing and voluntary, noting that if Petitioner had chosen to go to trial, he would indeed have faced two life sentences. (Doc. 232, pp. 6-7, crim.). The § 2255 motion was denied.

### The Petition

The instant § 2241 Petition, filed on July 13, 2017, asserts that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), the 140-month sentence was unconstitutional. (Doc. 1, p. 7). Petitioner believes that the sentencing court should have used the "modified categorical approach" to analyze whether his prior convictions qualified as predicate offenses to subject him to the career-offender enhancement. Two prior state offenses were referenced in the presentence investigation report to conclude that Petitioner qualified as a career criminal: (1) a class B felony conviction for distribution or possession with intent to distribute a controlled substance, and (2) assault in the 2nd degree. (Doc. 1, p. 8). Petitioner does not further elaborate on the nature of these offenses or identify the state statutes under which he was convicted. He asserts that he may raise this claim under the "savings clause" of 28 U.S.C. § 2255(e). He requests the Court to "vacate and remand Petitioner's enhancement under the career offender

guidelines." (Doc. 1, p. 12).

## Discussion

As the undersigned Judge has explained in a number of prior decisions, a collateral attack based on *Mathis* against a career-offender-enhanced sentence facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). However, as the Court has previously noted, *Mathis* involved the Armed Career Criminal Act ("ACCA") and not the federal sentencing guidelines. *See United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). Thus, the *Mathis* decision may or may not be applicable to Petitioner's sentence, because the enhancement of his sentencing guideline range was determined based on the advisory sentencing guidelines and not on the ACCA statute. The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, — U.S. —, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017) (distinguishing *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015)).

Additionally, in Petitioner's case, it is unclear what influence, if any, the enhanced advisory sentencing range had on the determination of his 140-month

sentence – which was imposed according to the plea agreement reached between Petitioner and the government.

Nonetheless, given the limited record before the Court and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before October 19, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.09.19
06:41:13 -05'00'

**UNITED STATES DISTRICT JUDGE**