IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON BENSON,
Petitioner,

v.   No. 3:17-cv-00736-DRH-CJP

B. TRUE,
Respondent.

## MEMORANDUM and ORDER

Petitioner Aaron Benson filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging his designation as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss, Doc. 10. Petitioner responded to the motion at Doc. 14.

Respondent argues the petition must be dismissed because petitioner waived his right to file a collateral attack in his plea agreement.

### Relevant Facts and Procedural History

Pursuant to a written plea agreement, Benson pleaded guilty to one count of distribution of more than 5 grams of methamphetamine in the Western District of Missouri. *United States v. Benson*, Case No. 11-cr-203-GAF (W.D. Mo.). The statutory range of imprisonment was 5 to 40 years. 21 U.S.C. § 841(b)(1)(B). The agreement provided that he would be sentenced to 140 months

imprisonment.  Plea Agreement, Doc. 10, Ex. 1.[1]

The plea agreement also contained a waiver of the right to appeal or file a collateral attack:

> 15. Waiver of Appellate and Post-Conviction Rights.
>
> a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this plea agreement he waives the right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.
>
> b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the agreed sentence herein (one hundred and forty (140) months imprisonment, four (4) years supervised release and $100.00 in special assessments). However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

Doc. 10, Ex. 1, p. 9 (emphasis in original).

Despite his plea agreement, Benson filed a direct appeal arguing that his plea was involuntary, his counsel was ineffective, and the Guidelines calculation was incorrect. The Eighth Circuit affirmed because "Benson's sworn plea-hearing testimony reflects that he entered into the plea agreement knowingly and voluntarily, and understood and agreed to the terms of the appeal waiver." *United States v. Benson*, 553 F. App'x 660, 661 (8th Cir. 2014). The court did, however, defer the issue of ineffective assistance of counsel to proceedings under § 2255.

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

Petitioner filed a motion under 28 U.S.C. § 2255 in the Western District of Missouri arguing that his counsel had been ineffective in failing to object to the drug weights and types (actual methamphetamine versus a mixture containing methamphetamine), failing to properly advise him of the sentence he faced, and failing to object to the career offender designation. He also argued prosecutorial misconduct. The court denied the motion. With regard to the career offender designation, the court noted that counsel had, in fact, objected, and, in any event, any error in the Guideline calculation could not have prejudiced petitioner because he was sentenced to an agreed term of 140 months. The court also denied a certificate of appealability. *Benson v. United States*, Case No. 15-00408-GAF, Doc. 14. (W.D. Mo.).

## **Analysis**

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Benson argues that one or both of his prior convictions for drug offenses do not qualify as controlled substance offenses for purposes of the career offender enhancement under U.S.S.G. § 4B1.1. However, it is unnecessary to decide the substantive merits of his argument because the petition must be dismissed for several other reasons.

First, although petitioner was found to be a career offender, he was not sentenced in accordance with the career offender Guidelines range. His advisory Guidelines range was 188 to 235 months, but he was sentenced to 140 months in accordance with his plea agreement. Case No. 15-00408-GAF, Doc. 14, p. 2 (W.D. Mo.).

Secondly, even if he were sentenced pursuant to the Guidelines, he could not bring a *Mathis* claim in a § 2241 petition. There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013); *see also*, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.") Earlier this month, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, ___ F.3d ___, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). Benson was sentenced in 2012, long after the Supreme Court declared the Sentencing Guidelines to be merely advisory.

Lastly, this collateral attack is barred by the waiver in the plea agreement.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was

involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a §2241 petition; the waiver does not make the remedy afforded by §2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner challenged the validity of the plea agreement in his direct appeal and § 2255 motion. The Eighth Circuit determined that the appeal waiver was valid, and the Western District of Missouri determined that he did not receive ineffective assistance of counsel and that the plea was knowing and voluntary. Petitioner cannot relitigate those issues here.

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998).

Petitioner argues that his waiver is not enforceable because he erroneously believed that he was a career offender and he did not learn otherwise until *Mathis* was decided. That kind of argument was rejected in *McGraw*. There, the

defendant argued that the convictions used categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008). The Seventh Circuit enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

## Conclusion

Based on the foregoing reasons, Respondent's Motion to Dismiss (Doc. 10) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.28
15:38:08 -06'00'

**UNITED STATES DISTRICT JUDGE**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).